In the Matter of Howard C. Amron et al., Petitioners, *v.* Robert E. Herman, as State Rent Administrator, Respondent.

Supreme Court, Special Term, New York County, February 23, 1962.

*Howard C. Amron,* in person and *Peter R. O'Connell,* for Howard C. Amron, and others, petitioners. *Harold Zucker* (*Emory Gardiner* of counsel), for respondent.

ABRAHAM J. GELLINOFF, J. In this article 78 proceeding, tenant petitioner representing himself and other tenants seeks to annul a final order of the State Rent Administrator granting building-wide rent increases pursuant to the 6% fair net return formula (State Rent and Eviction Regulations, § 33, subd. 5). Petitioner claims that because landlord's agents made allegedly false statements concerning the full-time employment of 2 out of 7 service employees — these 2 employees were each working at some other building for about a month — any and all increased rentals should automatically be denied.

Actually, the deployment of the employees involved was primarily due to the illness of another employee at another building. At most, the month's absence of the two employees was a temporary service deficiency; and it did not decrease the actual current payroll costs on which, in part, establishment of the current normal recurring operating costs is computed.

Furthermore, there appears to have been an agreement between counsel for the respective parties — expressed openly before the Local Rent Administrator — that the tenants would withdraw their objections to the alleged decreases in services and that the landlord would waive all claims to have the increases operate retroactively.

This waiver by the landlord — the relinquishing of all claims to a substantial sum of money — constituted an equitable consideration for the hypothetical temporary decrease in services.

Under all the circumstances of this case, the respondent did not abuse his discretion in any manner, and particularly not in accepting the figures submitted for the current payroll cost.

Petitioner's only other contention is that the landlord applied for the rent increases before the expiration of six months from the date when it purchased the building involved. Ownership for six months was not required when the landlord filed its application, when the local rent office ordered the increases, or even when the protest was filed. Furthermore, when the amendment requiring six months' prior ownership went into effect (Emergency Housing Rent Control Law, § 4, subd. 4,

par. [a]; L. 1946, ch. 274, as amd. by L. 1961, ch. 337), the landlord had already owned the building for some 11 months, and the amendment does not provide that it shall operate retroactively.

Respondent's determination herein was both reasonable and in accordance with law. The petition is dismissed.